Ruffin, C. J.
 

 There is no objection to the set off on the ground of a want of mutuality, although the demand of the defendant is for money paid for the plaintiff and another
 
 ;
 
 for. as the contract is, in our law, joint and several, the defendant could sue the plaintiff separately, and, therefore he may have the set off, in this action by the plaintiff'alone, instead of being put to his cross-action. Yet we think the judgment must be affirmed, upon the ground, that the defendant was not bound for the debt, and therefore that the payment is to be considered voluntary. In order to bind a surety for the stay of execution, the act requires, that his acknowledgement should be entered on the warrant and be signed by the party, and it has been held, that the magistrate, even upon the previous request of the surety, cannot .sign his name in his absence.
 
 Weaver
 
 v.
 
 Parish,
 
 1 Hawks 319. It may well be questioned, whether a signature by any one but the surety personally, or at least by one in his presence, can bind him, although in that case the decision was placed on the narrower footing, that the Justice cannot thus blend his judicial functions with those of attorney for the party. For, the provision, that the acknowledgment should be entered in writing and signed by the party, is obviously in the nature of a statute against frauds and perjuries, and was intended to prevent a prejudice by falsehood, either to the creditor or the supposed surety. The law makes the acknowledgment conclusive, in the nature of a judgment, on which execution may be issued without further notice ; and as there are no attorneys, as responsible officers of the law, to whom the party can give a warrant to appear for him before the Justice, it would seem, that the just construction of the Act is according to its letter, that the stay must be signed
 
 *128
 
 by the party himself. Whether he be the person he represents himself to be, it must be supposed the magistrate' will generally know, or can easily ascertain, as well as his sufficiency in point of property. But it can hardly hare been the intention of the Legislature to impose on the magistrate the duty of passing on the fact or the sufficiency of the authority, given by an absent person to another, to enter him as surety for an appeal or stay of execution, and the decision thereon of the magistrate should be final, and bind the surety conclusively, as upon a judgment for the debt. Such a construction would expose the supposed parties to much imposition; or, if the surety could be relieved upon shewing the fraud on him, it would equally endanger the creditor’s rights, whose debt may have been lost by the delay. But, however that may be, the case cited establishes, that the signing of the surety’s name, in his absence, by the Justice, is void; and consequently, the defendant was under no obligation to pay the debt. His subsequent assent amounted to nothing; for it does not appear, that he saw the judgment or knew the amount oí it, or the parties to it, or even that it was within the period, in which the magistrate had power to receive a surety for the stay. Ncr does it appear, that the defendant’s assent was given in the presence or with the knowledge of the plaintiff, and therefore no request by the principals to the defendant to pay the debt can he inferred; which circumstance distinguishes this case from that cited by the defendant,
 
 Alexander
 
 v.
 
 Vane,
 
 1 M. & W. 511, in which the presence of the defendant, when the plaintiff verbally promised to pay the debt, was held to be an authority and request to the surety to pay the debt, and implied an agreement to repay it. But there is, in this case, nothing to shew, that the plaintiff had any knowledge, that the defendant undertook in any way to pay the money, or that he had paid it.
 

 Per Curiam,
 

 Judgment affirmed.